**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X   Case No.:

MICHAL BENSHABAT,

                        Plaintiff,                                     **COMPLAINT**

                    - against -                                      **PLAINTIFF DEMANDS**
                                                                              **A TRIAL BY JURY**

T-FUSION, LLC dba ISABELLA, and
ALLISON KAHN, *Individually*

                        Defendant.

---------------------------------------------------------------------X

        Plaintiff, MICHAL BENSHABAT, by and through her attorneys, the LAW OFFICE OF YURIY MOSHES, P.C., hereby complains of Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendants pursuant to the <u>Fair Labor Standards Act</u>, 29 U.S.C.A. § 215(a)(3)., *et seq.* ("FLSA") and the <u>New York State Labor Law,</u> Article 7 ("NYLL") for retaliation against Plaintiff stemming from Plaintiff's decision to ask for her unpaid wages. As a result of Defendants' violation of the NYLL and FLSA, Plaintiff is entitled to (a) lost wages, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the lost wages found to be due.

2. Plaintiff also complains pursuant to the <u>Wage Theft Prevention Act</u>, New York Labor Law § 195, *et seq.,* and seeks to redress the damages she has suffered as a result of Defendants' failure to give her written notice of wage rates and paystubs, including, inter alia, her rate of pay.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

6. That at all times relevant hereto, Plaintiff MICHAL BENSHABAT ("BENSHABAT") was a resident of the State of New York and the County of Kings.

7. That at all times relevant hereto, Defendant T-FUSION, LLC. dba Isabella ("ISABELLA") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 3219 Quentin Road, Brooklyn, NY 11234.

8. That at all times relevant hereto, Defendant ALLISON KAHN ("KAHN") was an employee of Defendant ISABELLA, holding the position of "Owner."

9. That at all times relevant hereto, Defendant KAHN was Plaintiff BENSHABAT's supervisor and/or had supervisory authority over Plaintiff BENSHABAT.

10. At all times relevant hereto, Defendant ISABELLA had the power to, and were responsible for, determining the wages to be paid to Plaintiff BENSHABAT.

11. At all times relevant hereto, Defendant ISABELLA had the power to, and did in fact, establish the terms of Plaintiff BENSHABAT's employment, including Plaintiff BENSHABAT's schedule and rate of pay.

12. The FLSA defines "employer" to include any person acting directly or indirectly in the

interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

13. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. §791.2 for the violations complained of herein.

14. Upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

15. Further, upon information and belief, during Plaintiff BENSHABAT'S employment with Defendants, Plaintiff BENSHABAT's routinely engaged in activities which facilitate or relate to interstate or foreign commerce.

## MATERIAL FACTS

16. On or about August 19, 2019, Plaintiff BENSHABAT began working for Defendants as a Waitress.

17. Plaintiff BENSHABAT was scheduled to be paid six (6) hours per day, four (days) per week, earning $130 per day.

18. As a Waitress, Plaintiff BENSHABAT's duties included but were not limited to: 1) assisting customers with placing orders and 2) handling transactions at the end of meals.

19. Throughout Plaintiff BENSHABAT employment, Plaintiff BENSHABAT was a satisfactory employee and was never disciplined.

20. At all times relevant hereto, the work performed by Plaintiff BENSHABAT required no

3

capital investment.

21. At all times relevant hereto, Plaintiff BENSHABAT did not have any supervisory or managerial responsibilities.

22. Throughout Plaintiff BENSHABAT's employment with Defendants, there were constant issues with unpaid wages and wages paid through checks that bounced.

23. By way of example, in early November, Plaintiff BENSHABAT received a check from Defendant for past due wages. When Plaintiff BENSHABAT attempted to deposit the check in her bank account, it was returned for insufficient funds. This was one of many similar instances of employer checks being returned.

24. As of December 18, 2019 Plaintiff was owed around $600 from her time working for Defendants.

25. On December 19, 2019, after asking Defendants multiple times for owed wages, Defendant KAHN's son, Mr. Mark Kahn ("Mr. Kahn") paid Plaintiff BENSHABAT $300 in cash.

26. Plaintiff BENSHABAT mentioned to Mr. Kahn that she needed the remaining $300 as soon as possible.

27. Furthermore, Plaintiff BENSHABAT informed Mr. Kahn that she could no longer work without getting paid, as she did not know how much longer she would have to wait for the remaining $300 owed to her.

28. At 12:04 am on December 22, 2019, Plaintiff BENSHABAT received a voicemail from Defendant KAHN stating that Plaintiff BENSHABAT was being terminated due to her demand for her past due wages. In the voicemail Defendant KAHN stated, "It's been a pleasure knowing you but I don't take threats lightly."

29. On or about December 23, 2019, Plaintiff BENSHABAT came into work to collect her

remaining unpaid wages.

30. When Plaintiff BENSHABAT arrived to collect her unpaid wages Mr. Kahn showed Plaintiff BENSHABAT a text from that he had received from Defendant KAHN stating, "She doesn't need to come in anymore. I'm done with fuckin threats. She's getting a check in her name from Paychex. I will not let her come in again"

31. Based upon the close temporal proximity between Plaintiff BENSHABAT's demand for unpaid earned wages and her sudden termination one (1) day later, it is clear that on or about December 22, 2019 Defendants terminated Plaintiff BENSHABAT's employment solely in retaliation for her complaint about unpaid earned wages.

32. Furthermore, Defendants did not provide Plaintiff BENSHABAT with any sort of written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the minimum wage (including, inter alia, tips).

33. Plaintiff BENSHABAT has been unlawfully retaliated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

34. Defendants' actions and conduct were intentional and intended to harm Plaintiff BENSHABAT.

35. As a result of Defendants' actions, Plaintiff BENSHABAT feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36. As a result of the acts and conduct complained of herein, Plaintiff BENSHABAT has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff BENSHABAT has

also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff BENSHABAT demands Punitive Damages as against both Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### MINIMUM WAGE

38. Plaintiff repeats and alleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

39. Defendants willfully employed Plaintiff BENSHABAT in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for her employment.

40. Defendants' failure to Plaintiff BENSHABAT the mandated minimum hourly pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

41. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

42. Defendants' failure to comply with FLSA caused Plaintiff BENSHABAT to suffer loss of wages.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW
### FAILURE TO PAY EARNED WAGES

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

44. Defendants, in withholding Plaintiff's wages without cause or bona fide dispute as to

Plaintiff's right and Defendants' obligation to pay, have violated the NYLL, including § 193.

45. As a consequence, under NYLL § 198, Plaintiff BENSHABAT is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

### AS A THIRD CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### RETALIATION

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

47. The anti-retaliation provision of the FLSA provides that it shall be unlawful for any person, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C.A. § 215(a)(3).

48. Defendants' retaliation against Plaintiff BENSHABAT was willful within the meaning of 29 U.S.C. § 215.

49. Defendants' failure to comply with the FLSA has caused Plaintiff BENSHABAT to suffer loss of wages.

### AS A FOURTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW
### RETALIATION

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

51. NYLL §215 states that. "No employer or his or her agent, or the officer or agent of any

corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner."

52. Defendants' retaliation against Plaintiff BENSHABAT was willful within the meaning of NYLL § 215.

53. Defendants' failure to comply with the NYLL has caused Plaintiff BENSHABAT to suffer loss of wages.

**AS A FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**<u>WAGE NOTICE REQUIREMENT</u>**

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

55. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

56. Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195,

which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

57. Defendants not only did not provide notice to Plaintiff at time of hire, but failed to provide notice to Plaintiff even after the fact.

58. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

**AS A SIXTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**<u>NEW YORK PAYSTUB REQUIREMENT</u>**

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

60. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

61. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff and did not provide a paystub on or after Plaintiff's payday.

62. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-d).

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff her earned wages;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by terminating Plaintiff's employment due to her reporting the failure;

C. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to give proper wage notice and paystubs;

D. Awarding damages to Plaintiff for all unpaid wages due under the FLSA and the NYLL;

E. Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice and paystubs as required under the NYLL;

F. Awarding damages to Plaintiff as a result of Defendants' retaliation against Plaintiff for reporting unpaid wages;

G. Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages;

H. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
August 14, 2020

**LAW OFFICE OF YURIY MOSHES, P.C.**

By: /s/ Jessenia Maldonado
Jessenia Maldonado (JM7811)
*Attorneys for Plaintiff*
517 Brighton Beach Ave., 2nd Floor
Brooklyn, New York 11235
(718) 504-6090
jmaldonado@mosheslaw.com