UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X Case No.: 20-cv-03718 (LDH)(SJB)

MICHAL BENSHABAT,

                              Plaintiff,                        SETTLEMENT AGREEMENT
                                                                     AND GENERAL RELEASE
        - against -                                      OF ALL CLAIMS

T-FUSION, LLC dba ISABELLA, and
ALLISON KAHN, *Individually*

                            Defendants.
-------------------------------------------------------------------------X

      This Settlement Agreement and General Release of All Claims ("Agreement") is entered into by and among Plaintiff MICHAL BENSHABAT ("Plaintiff"), on the one hand, and Defendants T-FUSION LLC. ("Corporate Defendant"), and Individual Defendant ALLISON KAHN ("Individual Defendant") (Corporate Defendant and Individual Defendant collectively denoted as "Defendants"), on the other hand. (Plaintiff and Defendants collectively denoted "the Parties").

      WHEREAS, Plaintiff alleges that she worked for Defendants as an employee, and a dispute has arisen regarding Plaintiff's employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 20-cv-03718 (LDH) (SJB) (hereinafter "the Litigation"), alleging, among other things, violations of federal and state wage and hour laws; and

      WHEREAS, Defendants deny any violation of federal and state wage and hour laws; and

      WHEREAS the parties desire to resolve all disputes between them which are the subject of the Litigation without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Four Thousand Dollars and No Cents (**$4,000.00**) (the "Settlement Amount") to be paid to Plaintiff's attorney within three (3) months. Plaintiff will receive the gross amount of Two Thousand Two Hundred Sixty Six Dollars and Sixty-Seven Cents (**$2,266.67**). Plaintiff's counsel to receive the gross amount of One Thousand Seven Hundred Thirty Three Dollars And Thirty Three Cents (**$1,733.33**) for attorney fees and costs.

1

2. The checks for the Settlement Payments shall be made payable to "Michal Benshabat c/o Law Office of Yuriy Moshes, P.C. as attorneys for" and delivered to Jessenia Maldonado, Esq., Law Office of Yuriy Moshes, P.C., 517 Brighton Beach Avenue, 2nd Floor, Brooklyn, New York 11235. The Settlement Amount shall be paid, as follows:

    i. **First installment** of One Thousand Three Hundred Thirty Three Dollars And Thirty Three Cents (**$1,333.33**) is due within thirty (30) days of Defendants' counsel's receipt of this Agreement executed by Plaintiff;
        i. Seven Hundred Fifty Five Dollars And Fifty Five Cents (**$755.55**) due to Plaintiff.
        ii. Five Hundred Seventy Seven Dollars And Seventy Eight Cents (**$577.78**) due to Law Office of Yuriy Moshes, P.C.
    ii. **Second Installment** of One Thousand Three Hundred Thirty Three Dollars And Thirty Three Cents (**$1,333.33**) is due within thirty (30) days of the First Installment coming due; and
        i. Seven Hundred Fifty Five Dollars And Fifty Five Cents (**$755.55**) due to Plaintiff.
        ii. Five Hundred Seventy Seven Dollars And Seventy Eight Cents (**$577.78**) due to Law Office of Yuriy Moshes, P.C.
    iii. **Third Installment** of One Thousand Three Hundred Thirty Three Dollars And Thirty Four Cents (**$1,333.34**) is due within thirty days of the Second Installment coming due.
        i. Seven Hundred Fifty Five Dollars And Fifty Seven Cents (**$755.57**) due to Plaintiff.
        ii. Five Hundred Seventy Seven Dollars And Seventy Seven Cents (**$577.77**) due to Law Office of Yuriy Moshes, P.C.

    Plaintiff's counsel shall be solely responsible for determining the allocation of the Settlement Amount between the Plaintiff and Plaintiff's attorney for attorneys' fees and costs. Plaintiff shall be solely responsible for payment of all taxes due on the Settlement Amount, and Plaintiff shall indemnify and hold harmless the Defendants for any tax liability resulting from payment of the Settlement Amount. The Settlement Amount shall be apportioned in the following manner:

    Plaintiff's counsel shall sign and provide to Defendants' attorney, prior to Defendants' delivery of the Settlement Amount to Plaintiff's attorney, a Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit A. Plaintiffs' attorney shall hold the Stipulation of Dismissal with Prejudice in escrow and shall file it upon Plaintiff's counsel's receipt of the Settlement Amount.

3. <u>Release and Covenant Not To Sue</u>:  Plaintiff hereby irrevocably and unconditionally release and forever discharge the Corporate and Individual Defendant ("Defendants"), including each of their current and former predecessors, successors, assigns, employees, partners, owners, shareholders, affiliates, and agents, from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or

unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiff at any time had or claimed to have against Defendants regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, Plaintiff's alleged employment or termination, or any liability under the Fair Labor Standards Act and the New York Labor Law, except that nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect his right or ability to enforce, this Agreement.

4. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. Mutual Non-Disparagement: The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation all parties and counsel and those that are relevant to the instant proceedings and the settlement of the Litigation. This Mutual Non-Disparagement provision shall include non-disparagement in any publication of any sort, including but not limited to any and all blogs, internet postings and the like referencing this litigation or any of the parties or their counsel to this matter in any manner.

6. Employment References: Any request for a reference with respect to Plaintiff will be referred to the Company. The Company will limit any response to confirming the Plaintiff's title and dates of employment, and shall further state that in accordance with the Company's policy, no further information can be provided beyond this neutral reference.

7. No Future Employment: It is agreed that the alleged employee-employer relationship between Plaintiff and the Company ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiff has or may have had against the Company. It is further understood should Plaintiff again apply to work for the Company, in any capacity, the Company, based on this clause, may deny Plaintiffs employment for any position he seeks, and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way. Accordingly, it is agreed that Plaintiff will not seek employment with the Company after the execution of this Agreement.

8. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

9. Acknowledgments: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They

3

further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

10. Notices:   Notices required under this Agreement shall be in writing and shall be deemed given on the earlier of (a) third business day following first-class mailing thereof; and (b) the day after electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Jessenia Maldonado, Esq.
Law Offices of Yuriy Moshes, P.C.
517 Brighton Beach Avenue, 2nd Floor
Brooklyn, New York 11235
Email: jmaldonado@mosheslaw.com

To Defendants:

Richard F. Rozhik Esq.
1612 Neptune Avenue, 2nd Floor
Brooklyn, New York 11224
Email: rrozhik@rozhiklawfirm.com

11. Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the District of New York in any subsequent proceeding to enforce this Agreement.

12. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13. Release Notification:   Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel, and Plaintiff acknowledges that he has had the opportunity to consult with Law Office of Yuriy Moshes, P.C. . Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff confirms that he has been afforded the opportunity to have this Agreement translated to him in his native, primary language, and that he understands the terms of this Agreement and that he is signing this Agreement

voluntarily.

14. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission or electronic signature.

**PLAINTIFF**

**Date:** 03-10-2021

*[signature]*

**Michal Benshabat**

**DEFENDANTS**

**Date:**

**NAME HERE**
**on behalf of T-Fusion LLC**
**and Allison Kahn**

5

voluntarily.

14. <u>Counterparts</u>:   To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission or electronic signature.

**PLAINTIFF**

**Date:**

_____
Michal Benshabat

**DEFENDANTS**

**Date:** 3-4-2021

*Allison Kahn*
_____
**NAME HERE**
**on behalf of T-Fusion LLC**
**and Allison Kahn**

*[signature]*

*Mark Lowy*
_____

*[signature]*

**EXHIBIT A**