UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MICHAL BENSHABAT,

                        Plaintiff,                            **REPORT & RECOMMENDATION**
              v.                                      20-CV-3718-LDH-SJB

T-FUSION LLC, *doing business as* ISABELLA, and
ALLISON KAHN,

                        Defendants.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

       Plaintiff Michal Benshabat commenced this action against Defendants T-Fusion LLC and Allison Kahn ("Defendants") on August 14, 2020, asserting causes of action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl. dated Aug. 14, 2020, Dkt. No. 1). Plaintiff filed an initial motion for settlement approval on November 23, 2020. (First Mot. for Settlement Approval dated Nov. 23, 2020, Dkt. No. 17). After two scheduled hearings, at which Defendants' settlement counsel and Plaintiff's counsel, respectively, failed to appear, (*see* Order dated Jan. 27, 2021; Order dated Feb. 1, 2021), the Court conducted a motion hearing pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) on March 1, 2021. At the hearing, the Court informed the parties that the settlement agreement failed to include the amount of attorney's fees sought and contained a general release, thus running afoul of *Cheeks*. (Tr. of Civ. Cause for *Cheeks* Hr'g dated Mar. 17, 2020 ("Tr."), Dkt. No. 20 at 2:22–6:12). The Court explained that the *Cheeks* decision and numerous subsequent cases make clear that general releases are impermissible in FLSA settlement agreements. (*Id.* at 4:01–6:12). The Court directed the parties to file a corrected

settlement agreement, and the parties agreed that they would do so. (*Id.* at 6:09–:12). On March 15, 2021, Plaintiff filed a revised motion for settlement approval. (Second Mot. for Settlement Approval dated Mar. 15, 2021, Dkt. No. 19).

The revised settlement agreement does not "reflect[] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Information Networking Computing, USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quotations and citation omitted); *see also Cheeks*, 796 F.3d at 200. In reaching this conclusion, I have considered, among other things, (1) whether the settlement amount as reflected in the settlement agreement is substantial and fair in light of litigation risk and is within the possible range of recovery; (2) whether the attorney's fees and costs portion of the settlement is reasonable and commensurate with the degree of success obtained, *see Fisher v. SD Protection Inc.*, 948 F.3d 593, 606-07 (2d Cir. 2020); (3) whether the release provided for in the agreement is limited in scope; and (4) whether the settlement agreement does not impose a duty of confidentiality.

The settlement amount is substantial and fair, and the agreement does not impose a duty of confidentiality. However, the agreement contains a non-mutual general release:

> Plaintiff hereby irrevocably and unconditionally release[s] and forever discharge[s] the Corporate and Individual Defendant ("Defendants") . . . from any and all charges, complaints, claims, and liabilities of *any kind whatsoever*, known or unknown or suspected . . . which Plaintiff at any time had or claimed to have against Defendants regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, Plaintiff's alleged employment or termination, or any liability under the Fair Labor Standards Act and the New York Labor Law[.]

2

(Settlement Agreement and General Release of All Claims dated Mar. 10, 2020 ("Agreement"), Dkt. No. 19-1 ¶ 3 (emphasis added)). A general release is inconsistent with a reasonable compromise and is an inappropriate waiver of unrelated statutory rights. *Cheeks* itself cites overbroad releases as an area with "potential for abuse" in FLSA settlement agreements. *Cheeks*, 796 F.3d at 206. The presence of a general release is a basis to reject a FLSA settlement. *See, e.g.*, *Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703, 2019 WL 5449061, at *3 (S.D.N.Y. Oct. 24, 2019) ("By failing to limit the release provision to the wage-and-hour claims at issue in this action, the Agreement improperly 'confers an uncompensated, unevaluated, and unfair benefit on the employer and is inequitable and unfair.' Accordingly, the release provision is far too broad to survive this Court's scrutiny." (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015))); *McCall v. Brosnan Risk Consultants, Ltd.*, No. 14-CV-2520, 2016 WL 4076567, at *2 (E.D.N.Y. Apr. 15, 2016) (rejecting motion for approval of proposed settlement in part because it contained "an overbroad release of claims that [was] not limited to matters addressed in this action," and noting that "District Courts in this Circuit have declined to approve FLSA agreements containing releases that are far too sweeping to be fair and reasonable" (quotations omitted)); *Torres v. Mc Gowan Builders*, No. 18-CV-6099, 2020 WL 5369056, at *3 (E.D.N.Y. Sept. 8, 2020) (collecting cases). And there is no separate compensation given for the general release that may reduce its potential for abuse, nor are there non-FLSA or non-NYLL claims being settled. *E.g.*, *Chun Lan Guan v. Long Island Bus. Institute, Inc.*, No. 15-CV-02215, 2020 WL 1289517, at *3 (E.D.N.Y. Mar. 18, 2020). The inclusion of a general release in this settlement agreement is therefore inappropriate.

For the reasons stated above, the Court respectfully recommends that the revised motion for settlement approval be denied without prejudice to renewal. Any objections to the Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

SO ORDERED.

*/s/ Sanket J. Bulsara* March 19, 2021

SANKET J. BULSARA

United States Magistrate Judge

Brooklyn, New York